UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANIEL L. BROWN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|     vs. | ) Cause No. 2:13-cv-425-WTL-DKL |
| | ) |
| PRESSTIME GRAPHICS, INC., et al., | ) |
| | ) |
|    Defendants. | ) |

## ENTRY REGARDING ISSUE OF WILLFULNESS

At the final pretrial conference in this case, the Court took under advisement the issue of whether the Defendants have forfeited the right to assert a lack of willfulness for Fair Labor Standards Act ("FLSA") purposes because they failed to assert a statute of limitations affirmative defense. The Court has now considered the issue and, being duly advised, rules as follows.

The Plaintiff filed his Complaint on December 11, 2013, alleging that while he was employed by the Defendants from June 2010 through October 2013 the Defendants failed to pay him overtime as required by the FLSA. Although the statute of limitations applicable to the FLSA is either two years or three years, depending on whether the violation is willful, and the Plaintiff's allegations clearly extended back more than two—indeed, more than three—years prior to the date of the Complaint, the Defendants did not plead the statute of limitations defense in their Answers to the Complaint; in fact, they did not plead any affirmative defenses. Pursuant to Federal Rule of Civil Procedure 8(c), the statute of limitations is an affirmative defense that must be pled.

> It has long been recognized that a defendant's failure to plead the statute of limitations as an affirmative defense in his or her answer to the complaint constitutes a waiver of that defense. *Venters [v. City of Delphi],* 123 F.3d [956], 967–68 [7th Cir. 1997] (citations omitted) (statute of limitations defense waived where not pleaded in answer and raised for first time in response to motion for summary judgment without motion to amend answer).

*United States v. Adent*, 821 F.3d 911, 914 (7th Cir. 2016). In other words, if a defendant believes that some or all of a plaintiff's claim is barred by the applicable statute of limitations, the defendant must so assert in its answer. If the defendant fails to do so, the statute of limitations will not act as a bar to the plaintiff's claim; if, for example, the plaintiff pled and proved that he had been denied overtime pay that was required by the FLSA for a period of ten years, he could recover for all ten years, even if the applicable statute of limitations, if pled, would have limited him to two or three years.

It is true that a "district court has the discretion to allow an answer to be amended to assert an affirmative defense not raised initially." *Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005) (citing Fed.R.Civ.P. 15(a) and *Jackson v. Rockford Housing Auth.* 213 F.3d 389, 392-93 (7th Cir. 2000) ("Amendment is allowed absent undue surprise or prejudice to the plaintiff.")). However, the Court declines to do so under the circumstances of this case. The Defendants in this case did not merely fail to raise the statute of limitations defense in their answers; they also affirmatively stated in their trial brief that "[n]o affirmative defenses are raised." Dkt. No. 99 at 1. And even if the Defendants viewed the issue not as a statute of limitations defense, but rather as the issue of whether they acted willfully—a question on which the Plaintiff would have the burden of proof[1]—the Plaintiff squarely raised the issue in his first motion in limine by arguing the following:

---

[1] Lack of willfulness is not an affirmative defense under the FLSA; rather, the Plaintiff has the burden of proving willfulness. Thus, the Defendants were not required specifically to

> Defendants should be precluded from making any statement or offering any evidence or argument that a shortened two-year statute of limitations is applicable to this case. The FLSA provides for a two-year statute of limitations that can be extended to three-years [sic] for a violation that is willfull [sic] or made with reckless disregard for the law. The applicable statute of limitations is an affirmative defense that must be raised by Defendants, or it is waived. Here, Defendants did not raise the statute of limitations as an affirmative defense in this matter. As a result, Defendants have waived this issue. *See Braddock v. Madison County, IN*, 34 F. Supp.2d 1098, 1112 (S.D. Ind. 1998). "The statute of limitations defense remains an affirmative defense that must be pleaded in an answer, and the defendant can waive the defense by failing to plead it." *Id.*

Dkt. No. 106 at 1-2. Had the Defendants filed a timely response to the motion in limine—which, under the case management plan, was due on September 30, 2016—and either sought to amend their answers to assert the statute of limitations defense or put forth a reasonable argument that they were not required to plead the statute of limitations defense in order to assert a lack of willfulness (and, thus, the applicability of the two-year statute of limitations), the Court might have been inclined to excuse the waiver, assuming the Plaintiff could not show prejudice. They did not do so, however; they filed no response to the Plaintiffs' motion in limine. Accordingly, with regard to the Plaintiff's FLSA claim, the two-year statute of limitations[2] will not operate as a bar in this case, and the jury will not be asked to determine whether any FLSA violation it finds was willful.

---

raise lack of willfulness in their answers, but they were required to plead that the Plaintiff's claims were barred, in part, by the applicable statute of limitations. In the absence of the assertion of that affirmative defense, it becomes irrelevant whether the Defendants acted willfully, as the Plaintiff's claims are not time barred in either case.

[2]In this case, the Plaintiff affirmatively states in his trial brief that "[f]or purposes of his FLSA claim, the relevant time period is the three-year period preceding the filing of this lawsuit through the termination of his employment with Defendants; i.e. December 11, 2010 through October 22, 2013," and that he seeks unpaid non-overtime wages under Indiana law for five hours per week for the weeks of December 11, 2011, through July 21, 2012. Dkt. No. 105 at 3. Accordingly, the Plaintiff has waived his right to disregard the applicable statutes of limitation in their entirety, and he thus will not be permitted to ask the jury to award overtime pay for hours worked prior to December 11, 2010, or wages for hours worked prior to December 11, 2011.

In light of this ruling, those portions of the Defendants' motion in limine that were taken under advisement by the Court (*see* Dkt. No. 112) are now **GRANTED**.

SO ORDERED: 10/17/16

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification